IN THE MATTER OF DONALD A. ORLOVSKY, AN
ATTORNEY AT LAW.

September 6, 1989.

## ORDER

This matter having been presented on the report and recommendation of the Disciplinary Review Board that DONALD A. ORLOVSKY of WEST PALM BEACH, FLORIDA, an attorney who was admitted to the bar of this State in 1977, be suspended from the practice of law in New Jersey for a period of sixty days retroactive to March 27, 1989, based on the sixty-day suspension imposed on respondent by the Supreme Court of Florida, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and, pursuant to *R.* 1:20–7, DONALD A. ORLOVSKY is suspended from the practice of law in New Jersey retroactive to March 27, 1989, and until further order of the Court; and it is further

ORDERED that DONALD A. ORLOVSKY be restrained and enjoined from the practice of law during the period of his suspension; and it is further

ORDERED that DONALD A. ORLOVSKY comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended attorneys.

## APPENDIX

### Decision and Recommendation of the Disciplinary Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey.

This matter is before the Board on a Motion for Reciprocal Discipline filed by the Office of Attorney Ethics pursuant to *R.* 1:20-7. This Motion was based on respondent's suspension from the Florida bar for 60 days following his admission of violation of Florida Disciplinary Rule 1–102(A)(3).[1] Respondent's conduct was summarized in paragraph four of Respondent's Conditional Guilty Plea for Consent Judgment as follows:

> On January 25, 1986 respondent was arrested in Florida and charged with possession of cocaine and possession of drug paraphernalia. Formal charges were filed by the Broward County State Attorney's Office. On May 19, 1986 respondent entered a plea to the charge of possession of cocaine. The charge of possession of narcotics paraphernalia was nolle prossed. Adjudication was withheld by the court on the cocaine possession and respondent was placed on probation for a period of eighteen (18) months. In February, 1987, respondent was cited for violating the terms of his probation and pleaded guilty thereto. He was placed on probation for two (2) years with a continuation of the withheld adjudication on the underlying criminal charge. An order terminating such probation was duly entered on April 2, 1988.

Thereafter, by order dated February 23, 1989, the Supreme Court of Florida suspended respondent for 60 days effective

---

[1]Effective September 1984, New Jersey's *DR* 1–102(A)(3) was superseded by *RPC* 8.4(b), which states "it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

March 27, 1989. The Court afforded respondent the opportunity to close out his law practice over the 30–day period from the date of the order. Respondent subsequently completed his 60–day suspension, whereupon he was automatically reinstated to the practice of law in Florida subject to his indefinite continuation on probation under the auspices of Florida Lawyer's Assistance, Inc.

The record disclosed a number of mitigating factors. Respondent's problems with substance abuse resulted in his resignation from his law firm. As a result, he was not practicing law at the time of his arrest. He secured help for his addiction and voluntarily entered the Florida Lawyer's Assistance program. Since June 1987, respondent has maintained gainful employment in the State of Florida. Moreover, respondent was candid and cooperative with the Florida Bar authorities, and no clients were harmed as a result of his conduct. Respondent has no prior disciplinary history.

As noted by the Office of Attorney Ethics, respondent was extremely prompt in notifying that office of his Florida suspension. It was therefore the position of the Office of Attorney Ethics that respondent should be given credit for the suspension served in Florida, and that the New Jersey suspension should be retroactive to the date of the Florida suspension.

## CONCLUSION AND RECOMMENDATION

The Board's action in this matter is governed by *R.* 1:20–7(d). Pursuant to that rule, the Board must recommend the imposition of the identical discipline ordered by another jurisdiction unless certain exceptions apply. The Board concurs with the analysis of the Office of Attorney Ethics that no exceptions apply that would require the imposition of a different level of discipline here. The Board further agrees that respondent's admission of cocaine possession would not call for either a greater or lesser form of discipline in New Jersey than the discipline imposed in Florida.

It is clear that respondent's use of drugs was not "innocuous or casual." *In re Pleva*, 106 *N.J.* 637, 644 (1987). Additionally, respondent was an experienced attorney at the time of his involvement with the criminal process. Thus, a public reprimand, as imposed *In re Shamey*, 110 *N.J.* 703 (1988); *In re Helfant*, 111 *N.J.* 657 (1988); and *In re McLaughlin*, 105 *N.J.* 457 (1987), would be insufficient. Suspension for a term is therefore required. However, in view of the extensive mitigating circumstances, as well as respondent's candor and cooperation with New Jersey disciplinary authorities, the Board sees no reason to recommend a suspension greater than 60 days.

The Board therefore unanimously recommends to the Court that full reciprocity be accorded to the Florida disciplinary action. Respondent should be suspended for a 60–day period retroactive to respondent's Florida suspension, which began on March 27, 1989. One member was absent.

The Board further recommends that respondent be required to reimburse the Ethics Financial Committee for appropriate costs.